In re Charles H. CLARK, Jr. and Ann O. Clark, Debtors.

The BEACON MILLING COMPANY, INC., Plaintiff,

v.

Charles H. CLARK, Jr. and Ann O. Clark, Defendants.

Bankruptcy No. 84–162.

United States Bankruptcy Court, D. Vermont.

Feb. 7, 1985.

John C. Gravel, Burlington, Vt., for Beacon Milling Co., Inc.

Joseph C. Palmisano, Barre, Vt., for debtors.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

On October 1, 1984 the debtor filed a voluntary chapter 11 petition. The instant matter is before the court on the motion of Beacon Milling Company, Inc. ("Beacon") to allow enforcement of an irrevocable assignment and security agreement. The matter came on regularly for a hearing. From the records in the case the facts which follow were established.

## FACTS

On December 14, 1983 Beacon and the debtors entered into a stipulation in settlement of litigation whereby Beacon was accorded a judgment against Charles Clark, individually, for a sum of $10,000. The same day, Charles Clark directed his milk receivers,

> to pay to Beacon the sum of Three Hundred Dollars ($300.00) per month from monies due to Debtor from milk sold ... commencing in the month of January, 1984 and continuing for thirty-three (33) consecutive months thereafter until the total sum of Ten Thousand Dollars ($10,-000.00) has been paid to Beacon. Debtor agrees that this Milk Check Assignment is irrevocable and may not be cancelled by Debtor... Debtor hereby specifically and irrevocably directs said milk receivers to make said payments outlined above directly to Beacon...

On February 24, 1984 Chittenden Superior Court awarded judgment to Beacon "[b]ased upon the pleadings and specifications set forth therein, and upon the Stipulation to Judgment entered into by the parties..."

At the time of receiving judgment, Beacon had a perfected security interest in Clark's "[f]arm products, specifically all milk produced by any and all cattle located on the farm of Charles Clark, Jr... Proceeds of Collateral are also covered," as evidenced by a filed financing statement containing the foregoing description of the collateral under a preexisting security agreement covering the same collateral to secure the payment of $10,000.00, payable as follows: $300.00 per month commencing in the month of November, 1983 as evidenced by a certain Stipulation to Judgment and Judgment Order, issued by the Chittenden Superior Court of Vermont in a case entitled 'The Beacon Milling Co., Inc. d/b/a Beacon Feeds, Inc. vs. Charles Clark' Docket No. S408–83CnC."

## DISCUSSION

The issue is whether the assignment operates to place the assigned interest outside the bankruptcy estate.

It is axiomatic that property rights arise under state law. In Vermont, a valid assignment given for consideration constitutes a transfer from assignor to assignee of the subject matter of the assignment. Thus, as of bankruptcy day, Clark had no cognizable interest in the subject matter of the assignment. To the extent that the debtor had no interest in postpetition milk production proceeds under the terms of the assignment, such proceeds did not constitute property of the debtor as of the commencement of the case. The result is that the subject matter of the assignment is not property of the estate under Code section 541(a)(1). *See Matter of Dias*, 24 B.R. 542 (Bankr.D.Idaho 1982).

The court does not find apposite the case *In re Hurricane Elkhorn Coal Corp. II*, 19 B.R. 609 (Bankr.W.D.Ky.1982), for the reason that the instant assignment was not so much a financing arrangement as a method to collect upon a judgment. The Elkhorn case involved business financing arrangements, and did not involve a judgment.

Even were the subject matter of the instant assignment property of the estate under Code section 541(a)(6) ("[p]roceeds, produce, offspring, rents, or profits of or

from property of the estate" are property of the estate), the subject matter of the assignment would be within Beacon's reach in keeping with the security interest perfected pre-petition. In this regard, the Code provides:

[I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement case to the extent provided by the security agreement and by applicable non-bankruptcy law...

Code section 552(b). This section underscores that the court does not have freewheeling power to consider every conceivable equity pertaining to the matter before it. In the instant case, Beacon has moved to allow enforcement of its assignment and security interest, and the debtor has provided no showing that the equities of the case do not favor the granting of Beacon's motion.

Judgment is entered accordingly.